

**FILED**

JUN 2 1 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | Cause No. CV 17-81-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondent. | |

This case comes before the Court on Tracey R. Godfrey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Godfrey has previously filed five habeas petitions with this Court. But he contends the present petition warrants consideration because it is based upon newly discovered evidence that was apparently never provided to him or his defense prior to his 2000 conviction for Sexual Assault. (Doc. 1 at 1).

I. **Motion to Proceed In Forma Pauperis**

Godfrey moves to proceed in forma pauperis. (Doc. 2). Review of the motion and supporting account statement establishes Godfrey cannot afford to pay all costs that may be associated with this action. Godfrey is entitled to proceed in forma pauperis. His motion is therefore granted.

1

## II. Second or Successive Petition

In his previous five habeas petitions, Godfrey challenged both the underlying sexual assault conviction and the revised persistent felony offender sentence he received.[1] Mr. Godfrey has previously been advised that he cannot file another petition in this Court challenging his sexual assault/persistent felony offender sentence unless he has first obtained leave from the Ninth Circuit Court of Appeals to do so. See, e.g., *Godfrey v. Kirkegard*, CV 14-164-M (D. Mont. judgment entered June 12, 2014); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. judgment entered June 20, 2014).

If Godfrey believes that the purported basis of his latest petition, specifically that it rests upon allegedly newly discovered evidence, relieves him of the second or successive bar, he is mistaken. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. §

---

[1] See: *Godfrey v. Mahoney*, CV 09-35-M-DWM-JCL (D. Mont. judgment entered Jan. 8, 2010); *Godfrey v. Kirkegard*, CV 14-27-M-DLC-JCL (D. Mont. judgment entered May 2, 2014); *Godfrey v. Kirkegard*, CV 14-164-M-DLC-JCL (D. Mont. judgment entered June 12, 2014); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. judgment entered June 20, 2014); and, Godfrey v. Montana, CV 16-04-M-DLC-JCL (D. Mont. judgment entered Jan. 19, 2016).

2244(b)(3). Godfrey is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Godfrey obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this

Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

Mr. Godfrey's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED**.

## RECOMMENDATION

1. Mr. Godfrey's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Godfrey may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Godfrey must immediately notify the Court of any change in his mailing</u>

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of June, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge