IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | CV 17–81–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on June 21, 2017, recommending that Petitioner Tracey R. Godfrey's ("Godfrey") petition for a writ of habeas corpus be dismissed for lack of jurisdiction. Godfrey timely filed an objection and is therefore entitled to de novo review of those findings and recommendations to which he specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the

factual background of this case, it will not be repeated here.

In his objection, Godfrey argues that Judge Lynch erred by finding that his petition should be dismissed because it was a second or successive petition for writ of habeas corpus. Godfrey contends that his claim is not successive in nature because it rests on "new evidence," namely "a forensic medical evaluation and exam." (Doc. 4 at 1.) Godfrey cites to 28 U.S.C. § 2244(b)(2) in support.

Godfrey is correct that "[a] claim presented in a second or successive habeas corpus application" shall not be dismissed if: (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [(2)] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

However, even if Godfrey's claim rests on "new evidence," i.e., the "forensic medical evaluation and exam," this Court is not permitted to hear his petition until he seeks leave from the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

to consider the application."). Thus, the Court may not review Godfrey"s "new evidence" until he moves for leave at the Ninth Circuit. Godfrey's objection is overruled.

Accordingly, there being no clear error in Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL;

(2) Godfrey's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

(3) The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

(4) A certificate of appealability is DENIED.

Dated this 30th day of August, 2017.

Dana L. Christensen, Chief Judge
United States District Court